FILED

04 MAY -6 PM 4: 19

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

HALKEY-ROBERTS CORPORATION,
a Florida Corporation,

      Plaintiff,

vs.       Civil Action No.: 8.04CV1041-T26MAP

FILTERTEK, INC.,
a Delaware Corporation,

      Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Halkey-Roberts Corporation, for its Complaint against Filtertek, Inc. alleges as follows:

### I. PARTIES

1. Plaintiff, Halkey-Roberts Corporation, is a corporation incorporated under the laws of the State of Florida, and has its principal place of business at 11600 Ninth Street, North, St. Petersburg, Florida 33716.

2. Defendant, Filtertek, Inc., is a corporation incorporated under the laws of the State of Delaware, and has its principal place of business at 11411 Price Road, Hebron, Illinois 60034-0310 and, upon information and belief, has conducted business in this district.



## II. JURISDICTION AND VENUE

3. This is a civil action arising under the patent law, Title 35 U.S.C. § 1 *et seq.*, for a declaratory judgment of invalidity and non-infringement. Jurisdiction is based on 28 U.S.C. §§ 1338 and 2201. Venue is based on 28 U.S.C. §1391.

## III. ALLEGATIONS OF FACT COMMON TO ALL COUNTS

4. On November 1, 1994, U.S. Patent 5,360,413 (hereinafter '413 Patent) was issued to Michael H. Leason et al. and assigned to Defendant. A copy of this patent is attached hereto. Defendant has on numerous occasions asserted that Plaintiff's manufacture, use and offer to sell and sale of its own patented valve known as the "Halkey-Roberts Swabable Valve" infringes the '413 Patent.

### COUNT I
### (Declaratory Judgment)

5. There is a substantial and continuing justiciable controversy between Plaintiff and Defendant as to Defendant's right to threaten or maintain suit for infringement of the '413 Patent, and as to the validity and scope thereof, and as to whether any of Plaintiff's products infringes any valid claim thereof.

6. The claims of the '413 Patent asserted by Defendant against Plaintiff are invalid and void in that they lack patentable novelty and invention as required by Title 35, U.S.C. §§ 102 and 103 and fail to comply

with Title 35 U.S.C. § 112. Specifically, the claims of the '413 Patent asserted by Defendant against Plaintiff are invalid and void for one or more of the following reasons:

A. The subject matter claimed in the asserted claims of the '413 Patent were known or used by others in this country, or patented or described in a printed publication in this or a foreign country prior to the alleged invention thereof by the patentees.

B. The subject matter claimed in the asserted claims of the '413 Patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country more than one year prior to the date on which the application of said patent was filed in the United States Patent and Trademark Office.

C. The subject matter claimed in the asserted claims of the '413 Patent is a mere conjunction of known components that do not perform any new and unexpected function in aggregation.

D. The difference between the subject matter claimed in the asserted claims of the '413 Patent and the prior art was such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which such subject matter pertains.

    E.    The patentees did not themselves first make the alleged invention of the asserted claims of the '413 Patent.

    F.    The specification does not contain a written description of the invention set forth in the asserted claims of the '413 Patent and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it pertains, or with which it is most nearly connected, to make, construct, compound, and/or use the same, and the description does not adequately explain the principle or the best mode in which the patentee contemplated applying that principle so as to distinguish it from other inventions, as required by Title 35, United States Code.

    G.    The asserted claims of the '413 Patent are excessively vague and indefinite and do not distinctly point out and define the invention.

    7.    Because the state of the art existing at the time of the filing of the application for the '413 Patent and at the time of making the alleged invention claimed in the patent, and because of the limitations placed thereon and the representations made to the United States Patent and Trademark Office during the prosecution of said application, Defendant is

estopped from asserting that the asserted claims of the '413 Patent are infringed by Plaintiff.

8. Plaintiff demands trial by jury on all issues so triable in the Complaint.

**WHEREFORE**, Plaintiff prays this Court:

A. To enter judgment declaring that the asserted claims of the '413 Patent are invalid and unenforceable against Plaintiff.

B. To enter judgment declaring that Plaintiff has not infringed any claim of the '413 Patent.

C. To permanently enjoin Defendant and its officers, agents, employees and licensees from asserting that the '413 Patent, or any claim thereof, is infringed by Plaintiff or its customers.

D. To declare this case exceptional and to award Plaintiff its attorneys' fees and costs.

E. To enter judgment for Plaintiff and for such

other and further relief as this Court may deem proper.

Respectfully submitted,

/s/ signature

Stefan V. Stein
Florida Bar No. 300527
Holland & Knight LLP
100 N. Tampa Street, Suite 4100
Tampa, FL 33602-3644
Telephone: 813-227-6578
Facsimile: 813-229-0134
Trial Counsel

and

Richard A. Giangiorgi
Trexler, Bushnell, Giangiorgi,
Blackstone & Marr, Ltd.
The Clark Adams Building
105 West Adams Street, Suite 3600
Chicago, IL 60603-6299
Tel: 312-704-1890
Fax: 312-704-8023

cc: Halkey-Roberts Corporation

# 1899514_v2