UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

HALKEY-ROBERTS CORPORATION,/
a Florida corporation,                          /
                                                      /
    Plaintiff,                          /
                                                      /
    v.                                      /   Case No.: 8:04-cv-1041-T-26MAP
                                                      /
FILTERTEK, INC.,                                /
a Delaware corporation,                        /
                                                      /
    Defendant.                          /
_____/

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Halkey-Roberts Corporation, by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to Defendant's Counterclaim.

## ANSWER TO COUNTERCLAIM

1.    Admitted for jurisdictional purposes only.

2.    Admitted.

3.    Admitted.

4.    Plaintiff denies that U.S. Patent 5,360,413 ("Patent '413")

is valid; otherwise the allegations are admitted.

5.    Denied.

6.    Denied.

7.     Denied.

8.     Denied.

<u>AFFIRMATIVE DEFENSES</u>

9.     The claims of the '413 Patent asserted by Defendant against Plaintiff are invalid and void in that they lack patentable novelty and invention as required by Title 35, U.S.C. §§ 102 and 103 and fail to comply with Title 35 U.S.C. § 112.  Specifically, the claims of the '413 Patent asserted by Defendant against Plaintiff are invalid and void for one or more of the following reasons:

A.     The subject matter claimed in the asserted claims of the '413 Patent were known or used by others in this country, or patented or described in a printed publication in this or a foreign country prior to the alleged invention thereof by the patentees.

B.     The subject matter claimed in the asserted claims of the '413 Patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country more than one year prior to the date on which the application of said patent was filed in the United States Patent and Trademark Office.

C.     The subject matter claimed in the asserted claims of the '413 Patent is a mere conjunction of known components that do not perform any new and unexpected function in aggregation.

- 2 -

D.     The difference between the subject matter claimed in the asserted claims of the '413 Patent and the prior art was such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which such subject matter pertains.

E.     The patentees did not themselves first make the alleged invention of the asserted claims of the '413 Patent.

F.     The specification does not contain a written description of the invention set forth in the asserted claims of the '413 Patent and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it pertains, or with which it is most nearly connected, to make, construct, compound, and/or use the same, and the description does not adequately explain the principle or the best mode in which the patentee contemplated applying that principle so as to distinguish it from other inventions, as required by Title 35, United States Code.

G.     The asserted claims of the '413 Patent are excessively vague and indefinite and do not distinctly point out and define the invention.

10.     Because the state of the art existing at the time of the filing of the application for the '413 Patent and at the time of making the alleged invention claimed in the patent, and because of the limitations placed thereon and the representations made to the United States Patent and Trademark Office during the prosecution of said application, Defendant is estopped from asserting that the asserted claims of the '413 Patent are infringed by Plaintiff.

11.     Plaintiff demands trial by jury on all issues so triable in the Counterclaim.

WHEREFORE, Plaintiff prays this Court:

A.     To enter judgment declaring that the asserted claims of the '413 Patent are invalid and unenforceable against Plaintiff.

B.     To enter judgment declaring that Plaintiff has not infringed any claim of the '413 Patent.

C.     To permanently enjoin Defendant and its officers, agents, employees and licensees from asserting that the '413 Patent, or any claim thereof, is infringed by Plaintiff or its customers.

D.     To declare this case exceptional and to award Plaintiff its attorneys' fees and costs.

E.     To enter judgment for Plaintiff and for such other and further relief as this Court may deem proper.

Respectfully submitted,


/svs/_____
Stefan V. Stein
Florida Bar Number 300527
Holland & Knight LLP
Suite 4100
100 N. Tampa Street
Tampa, FL  33602-3644
Tel: 813-227-6578
Fax: 813-229-0134
Email: stefan.stein@hklaw.com
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was

furnished by U.S. First Class Mail to: J. Todd Timmerman, Esquire and

Thomas T. Steele, Esquire at Shumaker, Loop & Kendrick LLP, 101 East

Kennedy Blvd., Suite 2800, Tampa, Florida  33602 and Thomas J. Filarski,

Esquire, Mark H. Remus, Esquire and Jeffry M. Nichols, Esquire at Brinks

Hofer, Gilson & Lione, NBC Tower – Suite 3600, 455 N. Cityfront Plaza

Drive, Chicago, Illinois 60611 on this the 15th day of  October, 2004.


/svs/_____
Stefan V. Stein

cc: Halkey-Roberts Corporation                    _____

# 2286390_v1